*Per Curiam.* We see no objection to it at present.

                           Rule accordingly.

### *A. M'Gregor* v. *C. Loveland.*

### *The same* v. *John B. Arnet.*

### *The same* v. *The same.*

THIS was a question of practice, submitted to the decision of the court on the following statement :

The above suits were brought on notes exceeding two hundred and fifty dollars each ; afterwards a sum of money was paid, and security given by *Loveland,* the indorsor, by which the amount was reduced below 250 dollars : *cognovits* were then given for the residue by each defendant. It was understood at the time, by the defendant's attorney, that the judgments should carry supreme court costs. *Query.* May not the clerk tax them accordingly ?

*Per Curiam.* No : the plaintiff should have taken his *cognovit* and entered his judgment for a sum above 250 dollars, to entitle to supreme court costs ; they cannot otherwise be allowed.

### *James and Samuel Watson* v. *Frederick Depeyster & Co.*

THIS and three other suits were commenced, against the above defendants and several others, on a

policy of insurance on the brig *Defiance*, and a con- solidation rule signed and entered. About a year afterwards the defendants, in the above suit, compromised with the plaintiffs, who cancelled the policy as to them ; of this the defendants' attorney had no information, nor was there any rule to discontinue, or other rule entered, and the other suits proceeded. The principal cause went on to trial, and the jury found a verdict for the defendant, which was acquiesced in. The defendants' attorney thereupon entered rules for judgment as in case of nonsuit in all the causes, pursuant to the consolidation rule, and the costs were taxed and judgment rolls ready to be signed. It was now submitted to the court on these facts, to decide whether the rules for judgment, and the judgment for costs as in case of nonsuit, were regular or not ; or, whether they ought to be set aside. N. B. At the time of compromise nothing was said about costs.

*Hoffman*, as *amicus curiæ*, informed the bench, that in *Wallace* v. *Lockwell*, it had been decided, that if a party compromised without the knowledge of his attorney, and the plaintiff went on, each paid his own costs.

*Per Curiam.* In every suit each party is supposed to advance as his suit proceeds. If each has paid costs and then they compromise, the suit is settled ; for the transaction imports no further proceeding is to be had ; nothing more than a simple discontinuance to enter on record, and nothing being said about costs, each must pay his own. The parties ought to have informed their attornies there was a compromise.