THOMAS MORGAN, plaintiff in error, v. YOUNG GRIFFIN, defendant in error.

6  565
53a 423

*Error to Scott.*

An appeal was taken on a trial of the right of property before the sheriff, and when the cause came on to be heard in the Circuit Court, a motion was made to dismiss the appeal, founded on an affidavit of the sheriff, stating that the property in question had been sold with the assent of the claimant, and that the proceeds thereof remained in his hands subject to the order of such complainant. The appeal was dismissed: *Held,* that the Court decided correctly in dismissing the appeal.

In contemplation of law, the parties respectively advance such costs as they make during the progress of the cause. If they compromise the case, and make no agreement as to costs, the suit should simply be discontinued on the record, without the rendition of any judgment for costs. The effect of such an entry is, that each party bears his own costs.

APPEAL from the verdict of a jury, on a trial of the right of property before the sheriff of Scott county, entered in the Scott Circuit Court. The cause was heard on a motion to dismiss the appeal, before the Hon. Samuel D. Lockwood, at the June term 1842, when the appeal was dismissed, and a judgment for costs rendered against the claimant of the property, who brought the cause into this Court on a writ of error.

*J. A. McDougall,* and *J. P. Jordan,* for the plaintiff in error.

*A. Lincoln,* and *D. A. Smith,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J.  Griffin recovered a judgment against Gunn and Fox. An execution was issued thereon, and levied on certain property claimed by Morgan. The right of property was tried before the sheriff, and found against the claimant. Morgan appealed to the Circuit Court, where a motion was made to dismiss the appeal. An affidavit of the sheriff was read in support of the motion, stating that after the appeal was taken, he sold the property in question with the assent

of Morgan, and that the proceeds remained in his hands, subject to the order and control of Morgan. The Circuit Court dismissed the appeal, and rendered a judgment against Morgan for the costs.

The dismissal of the appeal and the rendition of the judgment for costs, are here assigned for error.

The affidavit of the sheriff being uncontradicted, must be considered as true. It is evident from it, that the matter in dispute was settled by the parties, after the trial before the sheriff, and before the dismissal of the appeal. By such settlement, the plaintiff in execution abandoned his claim on the property, and the same was sold, and the proceeds received by the sheriff for the benefit of Morgan. A further trial of of the right of property was out of the question. There was no subject matter left to be tried. The Court, therefore, decided correctly in dismissing the appeal.

The only other question was the proper disposition of the costs. In deciding this, we think the Court erred. In contemplation of law, the parties respectively advance such costs as they make during the progress of the cause. When they compromise the case, without any understanding as to the payment of the costs already incurred, the suit ought simply to be discontinued on the record, without the rendition of any judgment for costs. The effect of such an entry is, that each party bears his own costs. *Watson* v. *DePeyster*, 1 Caines, 66; *Johnson* v. *Brannan*, 1 Johns. 268.

The judgment of the Circuit Court is reversed, with the costs of this writ of error. A judgment will be rendered here, that each party pay his own costs in the Court below.

*Judgment reversed.*